prepared and used in such a manner as to be free from the presence of potash, soda, alumina, lime, or nitric acid, or from any acid or alkaline reaction.

"2. The use for the anode of a depositing-cell of nickel, combined with iron to prevent the copper and arsenic which may be present from being deposited with the nickel, or from injuring the solution.

"3. The methods herein described for preparing the solution of the double sulphate of nickel and ammonia, and the double chloride of nickel and ammonia.

"4. The electro-plating of metals with a coating of compact, coherent, tenacious, flexible nickel, of sufficient thickness to protect the metal upon which the deposit is made from the action of corrosive agents with which the article may be brought in contact."

Also, but which is not involved in this suit—

"5. The deposition or electrotype-plates of nickel, to be removed from the surface on which the deposit is made, and used separately therefrom."

In the patent of May 10, 1870, the claims are as follows:

"1. The combination, with nickel to be used for anodes, of a metal or metalloid electro-negative to the nickel in the solution employed.

"2. A nickel anode combined with carbon, and cast in the required form."

As the defendant has infringed the patent of May 10th, 1870, by the use of anodes in the electro-deposition of nickel, substantially like those described and claimed in that patent, and has also infringed the first claim of the patent of August 3, 1869, by the use, in the electro-deposition of nickel, of a solution of the double sulphate of nickel and ammonia, prepared and used in such a manner as to be free from the presence of potash, soda, alumina, lime, or nitric acid, or from any acid or alkaline reaction, it is not necessary to decide the questions presented on the construction of the fourth claim of the patent of August 3, 1869.

In deciding that the evidence in the record proves an infringement of the first claim of that patent by the use of the solution therein described, I do not overlook the fact that defendant's solution contained one one-thousandth part of tartrate of ammonia, and one eight-hundredth part of ammonia. The evidence in the case satisfies me that in the defendant's solution the first was an inert substance, and the second would be, and was, speedily eliminated from the solution in use, by evaporation. Decree for injunction and account.

---

## Case No. 14,409.

UNITED NICKEL CO. v. MANHATTAN BRASS CO.

[Cited in The Horman Pat. Manuf'g Co. v. Brooklyn City R. Co., Case No. 6,703. Nowhere reported; opinion not now accessible.]

---

## Case No. 14,410.

UNITED NICKEL CO. v. MANHATTAN BRASS CO. et al.

SAME v. JACKSON et al.

[16 Blatchf. 68; 4 Ban. & A. 173.] [1]

Circuit Court, S. D. New York. March 11, 1879.

PATENTS—NICKEL PLATING—SOLUTION—INFRINGEMENT.

1. The decision in United Nickel Co. v. Harris [Case No. 14,407], sustaining the validity of the letters patent granted to Isaac Adams, Jr., August 3d, 1869, for an "improvement in the electro-deposition of nickel," reviewed and confirmed.

[Cited in United Nickel Co. v. Pendleton, 15 Fed. 740.]

2. The said patent is infringed, although the salts of potash and soda are introduced into the solution, provided the solution is not so used as to liberate free potash or free soda.

[3. Cited in Hood v. Boston Car-Spring Co., 21 Fed. 69, to the point that a patent is not invalidated by statements in an earlier publication, unless those statements are full and definite enough to inform those skilled in the art how to put in practice the invention now patented.]

[These were suits by the United Nickel Company against the Manhattan Brass Company and others, and by same plaintiff against William H. Jackson and others. Heard on motions for preliminary injunctions.]

Dickerson & Beaman, for plaintiffs.

Roscoe Conkling and Frost & Coe, for defendants.

BLATCHFORD, Circuit Judge. It is set forth, in the moving affidavits, that the defendants in these suits united with various other nickel platers, in the defence of the suit brought by the plaintiffs, in this court, against Harris and Weston [Case No. 14,407], and contributed to the expenses, and have, in these suits, employed the same counsel, and made substantially the same defences and answers, as in said suit against Harris and Weston. There is no denial of these allegations.

It is also set forth, in the moving affidavits, that the step nickel plated by the defendants in the first suit, and the grate crown nickel plated by the defendants in the second suit, are plated each with a coherent, compact and tenacious coating of nickel; that said step and said grate crown have each been plated by a process described in the Adams patent of August 3d, 1869 [No. 93,157], and could have been plated by no other process; and that no practical nickel plating can be done, unless the process described in said patent is followed, or some material or substantial part thereof. Professor Chandler sets forth, that he has examined said step

---

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, reprinted in 4 Ban. & A. 173, and here republished by permission.]